# EXHIBIT 1

FILED

17 MAY 05 AM 11:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-11533-9 SEA

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8

IN AND FOR THE COUNTY OF KING

9

| | |
|---|---|
| CITY OF SEATTLE, a municipal corporation | No. - |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, AND VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT |
| v. | |
| ZYLAB NORTH AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

10
11
12
13
14
15

Plaintiff City of Seattle (the "City") brings this action against Defendant ZyLAB

16
17

North America, LLC ("ZyLAB"), alleging as follows:

18

**I.    PARTIES**

19    1.1    Plaintiff City of Seattle is a municipal corporation established pursuant to

20    RCW 35.01 et seq., located in King County, a political subdivision of the

21    State of Washington.

22    1.2    Upon information and belief, Defendant ZyLAB is a Delaware corporation

23    doing business in King County.

24
25

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 1
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.      VENUE AND JURISDICTION

2.1      This Court has jurisdiction pursuant to RCW 2.08.010.

2.2      Venue is proper in this Court pursuant to RCW 4.12.015(1)(c), RCW

4.12.025(3)(c), and King County Local Rule 82(e)(3)(A).

## III.      FACTUAL BACKGROUND

**Negligent Misrepresentation**

3.1      On January 28, 2014, the City issued a request for proposal ("RFP")

seeking a replacement for its existing email archiving system, and a system

for electronic discovery.

3.2      ZyLAB responded to the RFP on or about March 1, 2014.

3.3      The RFP included a request for contracting history, which had a question

reading: "Within the previous five years has a governmental or private

entity terminated your firm's contract prior to contract completion?"  The

five years preceding the RFP began in March 2009.  ZyLAB responded,

"No."

3.4      In a separate place in the RFP where the City asked for information about

early contract terminations,  ZyLAB responded that it had no early contract

terminations.

3.5      The City relied on the responses ZyLAB provided to the RFP, and awarded

a Contract for an Email Archiving and eDiscovery Solution (the

"Contract") to ZyLAB.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 2
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7588
FACSIMILE: (206) 623-7022

3.6     In December 2015, the City learned that the Central Puget Snund Regional Transit Authority ("Sound Transit") had entered into a contract to use ZyLAB's products similar to those in the City's Contract, and that Sound Transit had terminated its contract with ZyLAB for cause on November 6, 2009 for failing to provide the promised functionality. This termination occurred within the five-year period about which the City had inquired.

3.7     ZyLAB's failure to disclose the Sound Transit termination was a material misrepresentation. ZyLAB's failure to provide that material information prevented the City from evaluating and acting upon that information. Had ZyLAB provided that information, the City would have rejected ZyLAB's proposal.

**Breach of Contract to Produce and Install the Email Archiving and eDiscovery Solution**

3.8     In order to fulfill its legal obligations tn store email for required retention periods, and to search, review, and produce email in compliance with the City's discovery and public records obligations, the City relies on an email management and eDiscovery system. By the time the City issued the RFP in January 2014, its existing email archiving and management system could no longer perform necessary functions. The City therefore needed to identify and contract for an email management and eDiscovery system with cloud capabilities that could meet its ongoing archiving, retention, review, and production needs.

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, AND CONSUMER PROTECTION ACT VIOLATIONS - 3
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.9     On or about September 7, 2014, the City awarded the Contract to ZyLAB.

3.10    On September 11, 2015, when ZyLAB was supposed to have delivered a functioning product to the City, functional testing performed by the City demonstrated that ZyLAB's product did not perform to the required specifications.  Specifically, ZyLAB's product could not handle the required volume of records.

3.11    On March 4, 2016, the City notified ZyLAB that the City would terminate the Contract for cause due to ZyLAB's material breach unless ZyLAB cured the defects in its product within 15 days.

3.12    ZyLAB did not cure the defects within the required 15 days, or within the extended period granted by the City.

**Breach of Contract to Produce Vendor Records**

3.13    On May 11, 2016, counsel for ZyLAB approached counsel for the City to settle the dispute.[1]

3.14    On June 9, 2016, ZyLAB submitted a public records request to the City for records related to the Contract.  The City acknowledged receipt of the request and thereafter began production of non-exempt records to ZyLAB.

3.15    On July 22, 2016, ZyLAB requested mediation to resolve the dispute over the Contract.

---

[1] To honor the confidentiality of the settlement negotiations, specific offers and counteroffers will not be documented here.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 4
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.16    On August 18, 2016, City attorneys requested ZyLAB's records related to the Contract so the parties could enter into the contemplated mediation on equal footing, and to provide the mediator with a complete set of records from both parties.  ZyLAB counsel declined to produce any records.

3.17    Upon ZyLAB's refusal, the City demanded that ZyLAB provide copies of all records related to the Contract, as it is required to do under the terms of the Contract.  Specifically, Section 26, Review of Vendor Records, states that ZyLAB's records "shall be subject at reasonable times and upon prior notice to examination, inspection, copying or audit by personnel so authorized by the City's Contract Administration and/or the Office of the Auditor ... at no additional cost to the City."

3.18    ZyLAB agreed to comply with Section 26 via letter from its counsel on August 25, 2016.

3.19    On September 9, 2016, the City requested that ZyLAB produce electronic copies of all records, as the City was already providing electronic copies of its documents to ZyLAB.  The letter specified 14 categories of documents, but noted that the request was not limited to the 14 listed categories.

3.20    Throughout the remainder of September and through October and November 2016, counsel for the City continued to communicate with ZyLAB's counsel, who disputed the meaning of Section 26, and who stated that documents responsive to the City's request would be made available

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 5
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   only by way of photographic copies made by a City employee at a ZyLAB

2   computer terminal in McLean, Virginia with an external camera.

3   3.21    That restricted offer does not comply with ZyLAB's obligation under

4           Section 26.

5

6   3.22    On November 21, 2016, the City notified ZyLAB it was in breach of a

7           material provision of the Contract, namely the obligation to produce

8           documents, and that the Contract would be terminated unless ZyLAB cured

9           the default. The notification provided ZyLAB with more than the required

10          15-day cure period, by allowing ZyLAB 43 days to cure, until January 4,

11          2017.

12

13  3.23    On November 24, 2016, ZyLAB North America President Picter

14          Varkevisser responded to the notification and offered that the City could

15          have access to a printer to print out all of ZyLAB's documents in McLean,

16          Virginia, a total of 50,000 documents and growing.   This new offer was

17          unnecessarily and needlessly expensive. In truth, the documents could be

18          produced much more securely and inexpensively via electronic file

19          transfer. On December 22, 2016, Mr. Varkevisser responded that ZyLAB

20          was refusing to produce the documents via secure electronic file transfer.

21

22  3.24    ZyLAB's offer to "cure" its breach of the Contract by producing only

23          printed copies puts unnecessary hardship on the City and violates the

24          Section 26 provision that ZyLAB make all of its records available to the

25          City at no additional cost to the City.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 6
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**Damages**

3.25   Damages have continued to accrue in relation to breach of the Contract for the Email Archiving and eDiscovery Solution.

3.26   The City has suffered damages in relation to the breach of ZyLAB's obligations under Section 26 of the Contract.

## IV.   CAUSES OF ACTION

**First Cause of Action: Negligent Misrepresentation**

4.1   The City incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

4.2   On or about March 1, 2014, ZyLAB answered inquiries put forth by the City related to ZyLAB's financial resources and responsibility, as part of the RFP process.

4.3   In response to the City's RFP, ZyLAB provided false or misleading information about whether any ZyLAB clients had terminated their contracts with ZyLAB in the preceding five years.  This was false or misleading because ZyLAB's client Sound Transit had terminated ZyLAB's services on November 6, 2009.

4.4   ZyLAB knew or should have known the information was false or misleading.

4.5   ZyLAB negligently supplied the false or misleading information to the City.

4.6   The City relied on the false or misleading information.

4.7   The City's reliance on the false or misleading information was reasonable.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 7
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4.8    Due to the false or misleading information and the City's reliance upon it, the City entered into the Contract and suffered damages that would not have occurred but for the misrepresentation.

4.9    The City is therefore entitled to damages stemming from its reliance on ZyLAB's misrepresentation, including prejudgment interest.

**Second Cause of Action: Breach of Contract (Email Archiving and eDiscovery Solution)**

4.10    The City incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

4.11    ZyLAB and the City entered into a valid and enforceable Contract that required ZyLAB to provide the Email Archiving and eDiscovery Solution for the City by September 11, 2015.

4.12    ZyLAB failed to provide the Email Archiving and eDiscovery Solution promised in the Contract.

4.13    The City incurred damages because of ZyLAB's breach in an amount to be proven at trial, including, but not limited to:

    4.13.1    Restitution damages in the amount the City has paid to ZyLAB pursuant to the Contract;

    4.13.2    Reliance damages paid to third-party vendors in reliance on the Contract;

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 8
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4.13.3  Consequential damages in the amount of damages incurred by the
City due to delay, and the substitution of a different vendor to
replace ZyLAB.

4.14  The City is therefore entitled to damages for breach of contract and
prejudgment interest.

**Third Cause of Action: Violation of Consumer Protection Act (RCW § 19.86 et seq.)**

4.15  The City incorporates each of the preceding paragraphs of this Complaint
as if fully set forth herein.

4.16  On or about March 1, 2014, ZyLAB negligently, intentionally, or
fraudulently misrepresented or omitted its contract termination history in
its response to the City's RFP.

4.17  This misrepresentation or omission was an unfair or deceptive practice as
defined in RCW § 19.86.093.

4.18  The misrepresentation or omission occurred as part of the City's RFP
process in the conduct of trade or commerce.

4.19  The City relied on the misrepresented or omitted information and entered
into the Contract with ZyLAB for approximately $2.4 million.  The City is
a municipal corporation with public funding.  Therefore, the Contract had
an impact on public interest.

4.20  By entering into the Contract based on false information, the City suffered
damages.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT VIOLATIONS - 9
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4.21   The damage to the City would not have occurred but for unfair practice or deceptive act.

4.22   The City is therefore entitled to damages under the Consumer Protection Act, in an amount to be proven at trial, but in any case, not less than:

    4.22.1   All actual damages to the City;

    4.22.2   Treble damages up to $25,000;

    4.22.3   Costs;

    4.22.4   Attorneys' fees; and

    4.22.5   Prejudgment interest.

**Fourth Cause of Action: Breach of Contract (Review of Records)**

4.23   The City incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

4.24   ZyLAB and the City entered into a valid and enforceable Contract.

4.25   The Contract includes Section 26, Review of Vendor Records, which requires ZyLAB to maintain all records related to the Contract and make such records available to the City for copying at no additional cost to the City.

4.26   The City invoked Section 26 on August 18, 2016.

4.27   ZyLAB failed to perform its obligations under Section 26 by January 4, 2017.

4.28   The City incurred damages because of ZyLAB's breach in an amount to be proven at trial.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT
VIOLATIONS - 10
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4.29    The City is therefore entitled to damages for breach of contract, including prejudgment interest.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    Judgment in favor of the City and against ZyLAB for damages due to ZyLAB's breach of contract in an amount to be proven at trial, including costs, expert fees, and prejudgment interest at the maximum rate allowed by law;

2.    Judgment in favor of the City and against ZyLAB for damages due to ZyLAB's negligent misrepresentation in an amount to be proven at trial, including costs, expert fees, and prejudgment interest at the maximum rate allowed by law;

3.    For interest, both pre- and post-judgment, on any amounts that Defendant is obligated to pay Plaintiff.

4.    Plaintiff's attorneys' fees and costs of bringing and prosecuting this action pursuant to RCW §19.86.090.

5.    Treble damages pursuant to RCW §19.86.090.

6.    For such other and further relief as the Court may deem just and reasonable.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENT MISREPRESENTATION, AND
CONSUMER PROTECTION ACT
VIOLATIONS - 11
500384121 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    DATED this 5th day of MAY , 2017.

2

3                              PETER S. HOLMES
                              Seattle City Attorney
4                              By
                              John L. Groh, WSBA #18440
5                              Assistant City Attorney
                              701 Fifth Avenue, Suite 2050
6                              Seattle, WA 98104
                              Tel: (206) 233-2169
7                              Email: John.Groh@seattle.gov

8
                              K&L GATES LLP
9                              By
10                             Martha Rodriguez Lopez, WSBA # 35466
                              Raina Wagner, WSBA # 45701
11                             925 Fourth Avenue, Suite 2900
                              Seattle, WA 98104
12                             Tel: (206) 623-7580
                              Email: martha.rodriguez-lopez@klgates.com
13                             Email: raina.wagner@klgates.com

14                             *Attorneys for Plaintiff*
                              *City of Seattle*
15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR BREACH OF CONTRACT,                    K&L GATES LLP
NEGLIGENT MISREPRESENTATION, AND                     925 FOURTH AVENUE
CONSUMER PROTECTION ACT                              SUITE 2900
VIOLATIONS - 12                                      SEATTLE, WASHINGTON  98104-1158
500384121 v2                                         TELEPHONE: (206) 623-7580
                                                     FACSIMILE: (206) 623-7022

**FILED**

17 MAY 05 AM 11:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-11533-9 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| City of Seattle <br><br> Plaintiff(s), <br><br> vs. <br><br> ZyLAB North America, LLC <br><br> Respondent(s) | NO.   17-2-11533-9 SEA <br> ORDER SETTING CIVIL CASE SCHEDULE <br><br> ASSIGNED JUDGE:  Craighead, Susan J, Dept. 18 <br><br> FILED DATE: 5/5/2017 <br> TRIAL DATE: 5/7/2018 <br> SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING  AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 5/5/2017 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 10/13/2017 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 10/13/2017 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 10/27/2017 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 12/4/2017 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 1/16/2018 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 1/29/2018 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 1/29/2018 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 3/19/2018 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 4/9/2018 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 4/16/2018 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 4/16/2018 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 4/23/2018 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 4/30/2018 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 4/30/2018 |
| | Trial Date [See KCLCR 40] | 5/7/2018 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   5/5/2017                                        _____

                                                              PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**   If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**   Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**   Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES
**A. Noting of Motions**

**Dispositive Motions:**   All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**   These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

FILED

17 MAY 05 AM 11:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-11533-9 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| City of Seattle | NO.  17-2-11533-9 SEA |
| VS | |
| ZyLAB North America, LLC | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(COM) -**    BREACH OF CONTRACT (COM 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

17 MAY 05 AM 11:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-11533-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CITY OF SEATTLE, a municipal corporation | No. |
| Plaintiff, | SUMMONS (60-DAY) |
| v. | |
| ZYLAB NORTH AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

TO:    ZYLAB NORTH AMERICA, LLC

        TO THE DEFENDANT:  A lawsuit has been started against you in the above-entitled court by CITY OF SEATTLE, plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

        In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

        You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

SUMMONS - 1

1    If you wish to seek the advice of an attorney in this matter, you should do so promptly
2 so that your written response, if any, may be served on time.

    This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
3 State of Washington.

4

    DATED this 5th day of May, 2017.
5

6                          PETER S. HOLMES
                           Seattle City Attorney
7                          John L. Groh, WSBA #18440
                           Assistant City Attorney
8                          701 Fifth Avenue, Suite 2050
                           Seattle, WA 98104
9                          Tel: (206) 233-2169
                           Email: John.Groh@seattle.gov
10

11                         K&L GATES LLP

12                         By  s/ Martha Rodriguez Lopez
                             Martha Rodriguez Lopez, WSBA # 35466
13                           Raina Wagner, WSBA # 45701
                           925 Fourth Avenue, Suite 2900
14                         Seattle, WA  98104
                           Tel: (206) 623-7580
15                         Email: martha.rodriguez-lopez@klgates.com
                           Email: raina.wagner@klgates.com
16
                           *Attorneys for Plaintiff*
17                         *City of Seattle*

18

19
   500385241 v1
20

21

22

23

24

25

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

SUMMONS - 2

## SUPERIOR COURT FOR KING COUNTY, WASHINGTON

**City of Seattle, a municipal corporation**

**Plaintiff**

*vs.*          **Case No: 17-2-11533-9 SEA**

**ZyLAB North America, LLC, a Delaware limited liability company**

**Defendant**

## AFFIDAVIT OF SERVICE

I, Robert Proffitt, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Summons and Complaint for Breach of Contract, Negligent Misrepresentation, and Violations of Washington Consumer Protection Act, and Order Setting Civil Case Schedule in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 05/15/2017 at 2:35 PM, I served ZyLAB North America, LLC with the Summons and Complaint for Breach of Contract, Negligent Misrepresentation, and Violations of Washington Consumer Protection Act, and Order Setting Civil Case Schedule at 7918 Jones Branch Drive, Suite 230, McLean, Virginia 22102 by serving Mike Gravell, Project Manager, authorized to accept service.

Mike Gravell is described herein as:

Gender: Male   Race/Skin: White   Age: 50   Weight: 200   Height: 5'9"   Hair: Brown   Glasses: No

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

Sworn to before me on 05/22/17

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires: March 31, 2019

Robert Proffitt

Client Ref Number:2070569.00001
Job #: 1526820

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050