THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a municipal corporation,<br><br>                  Plaintiff,<br>     v.<br><br>ZYLAB NORTH AMERICA, LLC, a Delaware limited liability company,<br><br>                  Defendant. | CASE NO. C17-0790-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to modify the Court's scheduling order pertaining to the deadline for mediation (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

In 2014, the parties entered a contract under which the Defendant would provide the Plaintiff with various software services. (Dkt. No. 21 at 3.) On May 5, 2017, Plaintiff filed a lawsuit against Defendant for breach of the contract. (Dkt. No. 21 at 3.)[1] The parties appeared before the Court for a status conference on June 20, 2017, and represented that they would

---

[1] Plaintiff initially filed in Superior Court, but Defendant removed to this Court. (Dkt. No. 1.)

ORDER
PAGE - 1

conduct voluntary mediation pursuant to Local Civil Rule 39.1. (Dkt. No. 15.) The Court set the deadline for mediation as September 8, 2017. (*Id*.) The parties agreed to mediate on August 28, 2017.

Plaintiff believed that, prior to the mediation, Defendant would voluntarily produce documents Plaintiff had sought pre-litigation. (Dkt. No. 18 at 4.) In contrast, Defendant did not believe participation in mediation was conditioned on the production of the documents. (Dkt. No. 21 at 3.) In the two months preceding the mediation date, the parties worked to establish a protocol under which Defendant would produce the documents Plaintiff had requested. (Dkt. Nos. 18 at 5 and 21 at 4.)

On June 30, 2017, Plaintiff made a request for production on Defendant seeking the documents. (Dkt. No. 18 at 5.) Defendant did not produce the documents requested. (*Id*.) On August 14, 2017, two weeks before the scheduled mediation, Plaintiff informed Defendant it would seek to extend the mediation deadline because it had not received the requested documents, and would not be able to meaningfully participate in mediation. (Dkt. No. 18 at 9.)

## II. DISCUSSION

A court can modify its scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4). Good cause depends on the diligence of the moving party and its reasons for seeking modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Participation in mediation is voluntary unless ordered by the court. W.D. Wash. Local Civ. R. 39.1(a)(4). The goal of mediation is to resolve parties' disputes in a just, timely and cost-effective manner. *Id*. at (a)(1).

At its heart, this is a discovery dispute. Plaintiff asks the Court to extend the deadline for mediation because the Defendant has not produced the documents Plaintiff requested and believes are necessary for the parties to successfully mediate their dispute. (Dkt. No. 18 at 9.) In reply, the Defendant does not think mediation should be conditioned on the production of these documents, and that leaving the current deadline will avoid costly discovery. (Dkt. No. 21 at 5.)

1       Both parties have made it clear that they believe the case can and should be mediated. (Dkt. Nos. 18 at 11 and 21 at 3.) The parties are currently working on the protocols for the Defendant's document production. (Dkt. No. 21 at 4.) The discovery cutoff in this case is not until early January 2018—a date far enough in the future that a delay in mediation would not cause undue delay or burden on either party.

      The Court will not force parties to mediate where it is clear that the likelihood of success is minimal. *See Darrington v. Assessment Recovery of Washington, LLC*, Case No. C13-0286-JCC, Dkt. No. 80 at 8 (W.D. Wash. 2014). Such a result is a waste of everyone's time and money—the exact opposite purpose of alternative dispute resolution. The opportunity to mediate should not be sacrificed because the parties are still working through discovery issues. Mediation offers the potential to avoid extensive costs of prolonged discovery and pre-trial motions. That is true even where the parties engage in limited discovery prior to the mediation.

      The Court finds that the Plaintiff has demonstrated good cause to extend the deadline for mediation based on insufficient discovery at this point in the proceedings.

## III. CONCLUSION

      For these reasons, Plaintiff's motion for an extension of the mediation deadline (Dkt. No. 18) is GRANTED. The parties shall conduct mediation in this case no later than October 27, 2017. All other dates in the Court's June 20, 2017 scheduling order (Dkt. No. 15.) shall remain. The parties are ORDERED to meet and confer in order to resolve all discovery disputes.

      DATED this 1st day of September, 2017.

*[Signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE