THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

    Plaintiff,

v.

ZYLAB NORTH AMERICA, LLC,

    Defendant.

CASE NO. C17-0790-JCC

ORDER

This matter comes before the Court on Defendant's motions to compel discovery (Dkt. Nos. 39, 44). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motions for the reasons explained herein.

## I.   BACKGROUND

The Court has described the factual background of this case in previous orders. (*See, e.g.*, Dkt. No. 43 at 1–2.) The Court issued an order on Plaintiff's motion to compel. (*Id.*) Defendant has filed two separate motions to compel: one dealing with interrogatories (Dkt. No. 39), the other with production of documents (Dkt. No. 44). The Court addresses both in this order.

## II.   DISCUSSION

Discovery motions are strongly disfavored. The party resisting discovery has the burden to establish when limitations are appropriate. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Defendant asks the Court to compel Plaintiff to respond to numerous

interrogatories and to produce documents in accordance with its requests for production. (Dkt. Nos. 39 at 2; 44 at 11.) The Court resolves these issues as they appear in Defendant's motions.

**A. Interrogatories**

Defendant asserts that Plaintiff has not sufficiently answered its interrogatories numbered 2, 5, 8, 11, and 16–21 and asks the Court to order Plaintiff to respond. (Dkt. No. 39 at 2.)

Defendant's interrogatory number 2 states: "For each breach of contract please state each and every fact upon which you contend ZyLAB breached the portion of that contract." (Dkt. No. 51 at 26.) In its amended response, Plaintiff objected that the request for "each and every fact" is overbroad and referred Defendant to other documents produced in discovery. (*Id*.) Plaintiff's response is inadequate. The Federal Rules expressly direct that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2).

Defendant's interrogatories seek to clarify the facts underlying Plaintiff's claims. Such a response would meaningfully contribute to clarifying issues in the case and narrowing the scope of the dispute. Plaintiff has not adequately demonstrated that the answer to this interrogatory could be determined by examining the business records it has produced in discovery. *See* Fed. R. Civ. P. 33(d). Furthermore, the Court is not persuaded by Plaintiff's overbreadth argument because it did not even attempt to respond to the interrogatory. Plaintiff is therefore ORDERED to provide a supplemental response answering Defendant's interrogatory number 2 with specificity.

Defendant's interrogatory number 5 states: "Please state each and every fact which supports the allegation in the Complaint that Central Puget Sound Regional Transit Authority terminated a contract with ZyLAB on November 6, 2009." (Dkt. No. 51 at 28). In its amended response, Plaintiff states that "[t]he produced records contain all facts in the City's possession that support Plaintiff's allegation that Central Puget Sound Regional Transit Authority terminated a contract with ZyLAB on November 6, 2009." (*Id*. at 28–29.) Plaintiff refers

Defendant to 79 pages of documents produced in discovery and cites to Federal Rule of Civil Procedure 33(d) as supporting its response. (*Id*. at 29.) Plaintiff's response is inadequate because it has not demonstrated that "the burden of deriving or ascertaining the answer [to Defendant's interrogatory] will be substantially the same for either party." Fed. R. Civ. P. 33(d). Nor is the Court satisfied that Plaintiff has described the records in sufficient detail to allow Defendant to derive the answer to its interrogatory. *Id*. at (d)(1). Plaintiff is therefore ORDERED to provide a supplemental response answering Defendant's interrogatory number 5 with specificity.

Defendant's interrogatory number 8 states: "Please state each and every fact that You contend ZyLAB negligently, intentionally or fraudulently misrepresented or omitted in response to the City's RFP as alleged at ¶ 4.16 of the Complaint." (Dkt. No. 51 at 31).

In its amended response, Plaintiff states that "produced records contain facts supporting the City's contention that ZyLAB negligently, intentionally, or fraudulently misrepresented or omitted in response to the City's RFP as alleged at ¶ 4.16 of the Complaint." (*Id*.) Plaintiff again refers Defendant to 79 pages of documents produced in discovery and cites to Federal Rule of Civil Procedure 33(d) as supporting its response. (*Id.* at 31–32.) Plaintiff's response is inadequate because it has not demonstrated that "the burden of deriving or ascertaining the answer [to Defendant's interrogatory] will be substantially the same for either party." Fed. R. Civ. P. 33(d). Nor is the Court satisfied that Plaintiff has described the records in sufficient detail to allow Defendant to derive the answer to its interrogatory. *Id.* at (d)(1). Plaintiff is therefore ORDERED to provide a supplemental response answering Defendant's interrogatory number 8 with specificity.

Defendant's interrogatory number 11 states: "Please state each and every fact that supports You [sic] contend that ZyLAB had a contract termination history which was required to be disclosed to the City's RFP as alleged in the complaint." (Dkt. No. 51 at 33.)

In its amended response, Plaintiff states that "produced records contain all facts in the City's possession that support Plaintiff's contention that ZyLAB had a contract termination

history which was required to be disclosed to the City's RFP as alleged in the Complaint." (*Id.* at 34.) Plaintiff again refers Defendant to 79 pages of documents produced in discovery and cites to Federal Rule of Civil Procedure 33(d) as supporting its response. (*Id.*) Plaintiff's response is inadequate because it has not demonstrated that "the burden of deriving or ascertaining the answer [to Defendant's interrogatory] will be substantially the same for either party." Fed. R. Civ. P. 33(d). Nor is the Court satisfied that Plaintiff has described the records in sufficient detail to allow Defendant to derive the answer to its interrogatory. *Id*. at (d)(1). Plaintiff is therefore ORDERED to provide a supplemental response answering Defendant's interrogatory number 11 with specificity.

Defendant's interrogatories numbered 16–21 ask Plaintiff to "state each and every fact" that supports their affirmative defenses of estoppel, fraud, release, ratification, waiver, and unclean hands. (Dkt. No. 51 at 37–43.) Plaintiff objects on numerous grounds—that the responses seek privileged information and legal conclusions, that the interrogatories are overbroad, and that further discovery will inform its answers because many of the facts exist in documents Defendant has not produced. (*Id.*)

Plaintiff provides no specific facts regarding its affirmative defenses to Defendant's counterclaim for breach of contract. Plaintiff's unresponsive answers are inadequate because Defendant as a counterclaimant is entitled to know the factual basis for Plaintiff's affirmative defenses. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). This requirement is consistent with Federal Rule of Civil Procedure 11, which requires plaintiffs to have some factual basis for allegations in their complaint. *Id*. (citation omitted). The facts sought by Defendant are clearly relevant under Federal Rule of Civil Procedure 26. Plaintiff's general, boilerplate objections do not support its nonresponsive answers, and its overbreadth argument is not persuasive because it did not even attempt to respond to the interrogatories. Plaintiff is therefore ORDERED to provide a supplemental response answering Defendant's interrogatories 16–21 with specificity.

**B. Requests for Production**

Defendant asks the Court to order Plaintiff to respond to its requests for production numbered 1–40, providing all responsive, non-privileged documents. (Dkt. No. 44-1 at 2–3.) In response, Plaintiff states that it has subsequently produced the documents sought by Defendant. (Dkt. No. 49 at 4.) Since Defendant filed its motion to compel, the parties have entered into a stipulated protective order and Plaintiff has begun producing the documents Defendant requested. (Dkt. Nos. 48; 49 at 4.) Plaintiff has subsequently produced more than 23,000 pages of responsive documents. (Dkt. No. 49 at 4.) Defendant acknowledges that it has received these documents. (Dkt. No. 54 at 2.) Plaintiff also asserts that it will continue producing responsive documents as discovery is ongoing. (Dkt. No. 50 at 2.)

At this point, Defendant asks the Court to order Plaintiff to produce documents within 14 days, provide a privileged document log, and overrule all of Plaintiff's objections other than those based on privilege. (Dkt. No. 53 at 3.) The Court is not going to order Plaintiff to produce documents because it appears from the record that Plaintiff has responded to Defendant's requests. (Dkt. No. 49 at 4.) Plaintiff is required to supplement its responses if it learns of additional responsive information. Fed. R. Civ. P. 26(e)(1)(A). Because Plaintiff has produced the responsive documents, the Court will not issue an order overruling Plaintiff's previously lodged general objections. Therefore, Defendant's request that the Court order production and overrule Plaintiff's general objections is DENIED.

Plaintiff may withhold responsive documents if they are protected by the attorney-client or work product privilege. *See* Fed. R. Civ. P. Rule 26(e). But, to the extent Plaintiff has objected to Defendant's requests for production based on privilege, Plaintiff must produce a privileged document log identifying the withheld documents. *Id*. The Court ORDERS Plaintiff to provide Defendant with a privileged document log within 14 days of the issuance of this order.

**III. CONCLUSION**

For the above reasons, Defendant's motions to compel discovery (Dkt. Nos. 39, 44) are

GRANTED in part and DENIED in part. Accordingly, the Court ORDERS that:

    (1) Within 14 days of this order, Plaintiff shall provide supplemental responses to Defendant's interrogatories numbers 2, 5, 8, 11, and 16–21.

    (2) Within 14 days of this order, Plaintiff shall provide Defendant with a privileged document log that identifies responsive documents that have been withheld on the basis of privilege.

    (3) Defendant's motion for the Court to order Plaintiff to respond to its requests for production within 14 days and overrule Plaintiff's objections is DENIED.

Further, the parties are ORDERED to meet and confer to resolve future discovery disputes.

DATED this 2nd day of November, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE